945 F.2d 398
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert HOLLEY, Plaintiff-Appellant,
v.
Bishop ROBINSON, Mason Waters, Mr. Herndon, Defendants-Appellees.
 No. 91-7020.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 28, 1991.
Decided Oct. 1, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Alexander Harvey, II, District Judge. (CA-89-3156-H)
 Robert Holley, appellant pro se.
 Audrey J.S. Carrion, Office of the Attorney General of Maryland, Baltimore, Md., for appellees.
 D.Md.[APPEAL AFTER REMAND FROM 911 F.20 722].
 AFFIRMED AS MODIFIED.
 Before K.K. HALL and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Robert Holley, currently an inmate at the Maryland Correctional Institution (MCI-H), appeals the district court's grant of summary judgment for the defendants in his 42 U.S.C. § 1983 suit. Holley v. Robinson, CA-89-3156-H (D.Md. Jan. 7, 1991).
 
 
 2
 This appeal is a continuation of Holley's § 1983 suit. In Holley's previous appeal, No. 89-6426, this Court vacated the district court's dismissal of Holley's complaint pursuant to 28 U.S.C. § 1915(d) and remanded the case for further proceedings. On remand, the district court looked to the merits of Holley's claims and granted summary judgment for the defendants.
 
 
 3
 Our review of the record and the district court's opinion discloses that the district court properly granted summary judgment in regard to Holley's claim of deliberate indifference to a serious medical need and exposure to asbestos. However, we modify the district court's decision in regard to Holley's claim that his constitutional rights have been violated because he is being involuntarily exposed to environmental tobacco smoke (ETS).
 
 
 4
 As noted in Holley's original appeal, he is precluded from individually seeking injunctive relief because he is a member of the class certified in Johnson v. Galley, No. H-77-113. Conditions of confinement at MCI-H are controlled by stipulation between the parties in Johnson entered on June 8, 1987. However, the Johnson litigation does not prevent Holley from bringing a suit for damages under § 1983 unless he waived that right as a member of the plaintiff class. See Wright v. Collins, 766 F.2d 841, 847 (4th Cir.1985).
 
 
 5
 However, even if Holley could show that exposure to ETS violated his constitutional rights, the defendants, Secretary Bishop Robinson, Warden Mason Waters, and former Acting Commissioner Elmanus Herdon, are not liable for monetary damages. It is not yet settled whether exposure to ETS can create a health hazard that violates an inmate's constitutional rights. See Clemmons v. Bohannon, 918 F.2d 858 (10th Cir.1990), reh'g granted, No. 88-2730 (10th Cir. Nov. 14, 1990) (inmate raised triable issue of fact as to whether exposure to ETS created an unreasonable risk to his health); Caldwell v. Quinlan, 729 F.Supp. 4 (D.C.D.C.), aff'd, 923 F.2d 200 (D.C.Cir.1990) (exposure to ETS does not violate Constitution); Gorman v. Moody, 710 F.Supp. 1256 (N.D.Ind.1989) (failure to segregate smoking from non-smoking inmates did not violate eighth amendment); Avery v. Powell, 695 F.Supp. 632 (D.N.H.1988) (exposure to environmental tobacco smoke may constitute punishment for purposes of eighth amendment). Therefore, the defendants' conduct has not violated any clearly established constitutional right of which a reasonable person would have known. See Harlow v. Fitzgerald, 457 U.S. 800 (1982) (public officials not liable for monetary damages if they can show that they have not violated any clearly established right). Qualified immunity and summary judgment are appropriate since there is a legitimate question as to whether the official's action constitutes the violation of a constitutional right. See Turner v. Dammon, 848 F.2d 440 (4th Cir.1988); Tarantino v. Baker, 825 F.2d 772 (4th Cir.1987).
 
 
 6
 Accordingly, we affirm the district court's grant of summary judgment but modify it to reflect that Holley's ETS claim fails because the defendants are entitled to qualified immunity.* We dispense with oral argument because the facts and legal contentions are adequately presented in the record and oral argument would not aid the decisional process.
 
 
 7
 AFFIRMED AS MODIFIED.
 
 
 
 *
 Because we have found that the defendants are entitled to qualified immunity, we decline to express an opinion on the merits of Holley's ETS claim